UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA K. LAM, et al., | No. 2:19-cv-00709-TLN-CKD |
| Plaintiffs, | |
| v. | ORDER |
| PENNY MAC, et al., | |
| Defendants. | |

Plaintiffs are proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Before the court is plaintiffs' request for "a continuance for hearing [their] case" and request for "an extension of a month to submit an additional amended complaint." (ECF No. 30.) Also scheduled before the court is defendant Fidelity National Title's motion to dismiss the complaint, which hearing is currently scheduled for August 14, 2019. (ECF No. 27.)

Plaintiffs move to file a second amended complaint because they were informed "by GrandView Financial LLC, that they will be filing a related case to [this case] regarding the same subject property and conduct related to it." (Id.)

Regarding a request to amend a complaint, Local Rule 137 provides:

> If filing a document requires leave of court, such as an amended complaint after the time to amend as a matter of course has expired, counsel shall attach the document proposed to be filed as an exhibit

1

> to moving papers seeking such leave and lodge a proposed order as required by these Rules. If the Court grants the motion, counsel shall file and serve the document in accordance with these Rules and the Federal Rules of Civil and Criminal Procedure.

See also L.R. 183 ("All obligations placed on 'counsel' by these Rules apply to individuals appearing in propria persona."). Further, a motion for leave to amend must comply with Local Rule 230 and should be noticed on the undersigned's law and motion calendar.

Here, plaintiffs' request to amend the operative first amended complaint is procedurally deficient.[1] Without the ability to review plaintiffs' proposed second amended complaint, the undersigned cannot determine if, for example, granting plaintiffs further leave to amend would be futile or if plaintiffs seek further leave to amend in good faith. See AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 951 (9th Cir. 2006) (stating that "a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile"). In that regard, plaintiffs fail to explain what they seek to include in a second amended complaint given the fact that "GrandView Financial LLC" is not a named defendant. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (explaining that leave to amend should not be granted where it appears amendment would be futile). At best, it appears plaintiffs or GrandView Financial LLC may want to relate the separate case with the instant case. However, that is not accomplished through an amended complaint but rather the procedures under Local Rule 123 and related federal rules and statutes.

For these reasons, the court will deny plaintiffs' request to file a second amended complaint without prejudice. If plaintiffs still believe a second amended complaint is warranted, they must file their request to amend in accordance with the Local Rules and applicable federal rules and statutes.

---

[1] The court previously addressed plaintiffs' motion to amend (ECF No. 9), which also failed to fully comply with the Local Rules by providing a copy of the proposed amended complaint and noticing the motion on the undersigned's calendar. At the time the motion was filed, however, no party had appeared in the case. Given that several defendants have now appeared in this case, it is imperative that plaintiffs comply with the court's Local Rules and applicable federal rules and statutes, which afford all parties an opportunity to respond to plaintiffs' requests. In light of plaintiffs' pro se status, and in the interests of justice, the court will now provide plaintiffs with an opportunity to fully comply with the Local Rules.

Separately, because plaintiff's first amended complaint superseded the operative complaint, defendant Fidelity National Title's August 14, 2019 motion to dismiss hearing shall be vacated without prejudice to defendant re-filing and re-noticing a motion to dismiss plaintiffs' first amended complaint, if necessary.

Accordingly, IT IS HEREBY ORDERED that plaintiffs' request for "extension of a month to submit an additional amended complaint" (ECF No. 30) is denied without prejudice.

IT IS FURTHER ORDERED that the August 14, 2019 hearing on defendant Fidelity National Title's motion to dismiss (ECF No. 27) is vacated. Defendant shall re-file and re-notice, if necessary, a motion to dismiss plaintiffs' operative first amended complaint (ECF No. 28) in accordance with applicable Federal Rules of Civil Procedure and this court's Local Rules.

Dated: July 22, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

15 lam709.lta